UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: )<br>)<br>WAUNETA LOUISE VANN )<br>)<br>              Debtor. )<br>_____ )<br>)<br>DAVID V. WADSWORTH, Chapter 7 Trustee )<br>)<br>              Plaintiff )<br>)<br>v. )<br>)<br>LAKEVIEW LOAN SERVICING, LLC )<br>)<br>              Defendant ) | Case No. 20-11660-MER<br>Chapter 7<br><br><br><br><br>Adv. Proc. No. _____ |

**COMPLAINT TO REIMPOSE AUTOMATIC STAY AS TO LAKEVIEW LOAN SERVICING AND REAL PROPERTY LOCATED AT 18805 E. UTAH CIRCLE**

David V. Wadsworth, Chapter 7 Trustee, through his undersigned counsel, respectfully submits his Complaint against Lakeview Loan Servicing, LLC, and states as follows:

**JURISDICTION**

1. This Court has core jurisdiction over this action pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). This Court also has jurisdiction over matters arising in or related to a case under Title 11, pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is properly raised as an Adversary Proceeding pursuant to Fed.R.Bankr.P. 7001(7).

**PARTIES**

3. David V. Wadsworth is the Chapter 7 Trustee (the "Trustee") in the above captioned bankruptcy case. His principal business address is 2580 West Main Street, Suite 200, Littleton, Colorado 80120.

4. Lakeview Loan Servicing, LLC ("Lakeview") is a Delaware limited liability company who is authorized to do business in Colorado. Lakeview's principal business address is located at 4425 Ponce De Leon Boulevard, 5th Floor, Coral Gables, FL 33146. Lakeview can also be served through its Registered Agent, Corporation Service Company, at 1900 W. Littleton Boulevard, Littleton, CO 80120.

## GENERAL ALLEGATIONS

5. Wauneta Louise Vann ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on March 6, 2020 (the "Petition Date").

6. The Trustee is the duly appointed and acting Trustee for the Debtor's bankruptcy estate.

7. Property of the Estate includes property with an address 18805 E. Utah Circle, Aurora, CO 80017 (the "Property"). The Debtor's interest in the Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a).

8. The Debtor scheduled the value of the Property as $260,000.00 and subject to a lien of $215,358.00 in favor of Loancare, LLC.

9. On January 11, 2021, Lakeview Loan Servicing, LLC ("Lakeview")[1] moved for relief from the automatic stay regarding the Property. In Lakeview's Motion, it stated the fair market value of the Property was $260,000.00.

10. Based on the Trustee's review of the Property at that time, he did not object and relief from the automatic stay was granted to Lakeview on February 11, 2021.

11. On May 8, 2020, the Debtor and the Trustee entered into a Stipulation for Turnover of 2019 Tax Returns and Refunds (the "Tax Stipulation"). The Debtor initially breached her obligations under the Tax Stipulation. She did not pay all amounts due to the estate until April 7, 2022. As a result, the case is still open.

12. On April 25, 2022, the Debtor moved the Trustee to abandon the Property. The abandonment motion caused the Trustee to refresh the value of the Property. The online real estate website, Zillow, placed the value of the Property at $497,000.00 – a significant change in the value of the Property. As a result, the Trustee opposed the abandonment motion.

13. At that point, the Trustee discovered Lakeview had a foreclosure sale date for the Property of June 29, 2022. The Trustee asked Lakeview to voluntarily move the foreclosure sale date to give the Estate sufficient time to sell the Property. On May 3, 2022 and again on May 12, 2022, Lakeview's counsel stated the lender was reviewing the request, but had not yet taken a position.

14. On May 16, 2022, the Trustee entered into a contract to sell the Property to RSTK Denver Owner 1, L.P. for the sum of $465,000.00. The Trustee filed his Motion to Sell the Property pursuant to that contract on May 18, 2022. The Trustee further requested, and received,

---

[1] Lakeview is the current holder of the first Deed of Trust against the Property.

an order shortening the notice to object to fourteen (14) days.

15. After inspection, the buyer requested and the Trustee agreed to a price reduction to $463,500.00. The Court approved the sale motion by order dated June 3, 2022. When the buyer changed its name to RSTK CB Denver Owner 1, L.P., the Trustee requested, and on June 10, 2022, obtained a corrected sale order.

16. Land Title was initially set to close the sale on June 15, 2022. Land Title struggled to receive a payoff from Lakeview. The Trustee requested the payoff via Lakeview's counsel on June 8, 2022. Lakeview's counsel obtained and provided the payoff on June 10, 2022. Lakeview's payoff – good through June 23, 2022 – is $241,152.02.

17. The Trustee received a proposed Settlement Statement showing, after payment of the Debtor's $75,000.00 homestead exemption, $133,313.35 being paid to the Estate.

18. The Trustee signed and submitted all the closing documents to Land Title on June 16, 2022.

19. On June 17, 2022, the buyer backed out of the sale without notice and without explanation. The Estate will receive the $4,000.00 in earnest money which the buyer put up but nothing further.

20. On June 17, 2022, the Trustee notified Lakeview's counsel that the sale had fallen through and reiterated the Estate's request for the foreclosure sale to be moved. Lakeview's counsel acknowledged the request and advised that they would attempt to get a response from Lakeview. Lakeview has not yet responded to the request.

21. The Trustee put the Property back on the market on June 17. Given, however, the short timeline between the date RTSK CB Denver Owner 1, L.P. backed out of the sale and the foreclosure sale date, it is extremely unlikely the Trustee will be able to close on a new sale of the Property before the foreclosure sale.

22. Creditors had until May 11, 2021 to file proofs of claim in this case. As of the date of this Complaint, thirteen (13) proofs of claim have been filed, totaling not less than $145,924.63.

23. By this Complaint, the Trustee seeks entry of an Order reimposing the automatic stay as to Lakeview so the Trustee can sell the Property for the benefit of all parties in the case.

**FIRST CLAIM FOR RELIEF**

(11 U.S.C. § 105(a) – Re-imposition of the automatic stay as to the Property)

24. The Trustee incorporates by this reference the statements and allegations

contained in paragraphs 1 through 23 as though more fully stated herein.

25. Because the automatic stay is injunctive in nature, it is within the Court's powers to reimpose the automatic stay pursuant to 11 U.S.C. § 105(a). In re Twenver, Inc., 149 B.R. 950, 953-54 (D. Colo. 1993).

26. To reimpose the stay, the movant must show (a) a substantial likelihood of success on the merits; (b) irreparable harm to the moving party; (c) less harm to the opposing party; and (d) no violation of the public interest. In re Twenver, Inc., 149 B.R. at 953-54; In re Bryant, 296 B.R. 516, 520 (Bankr. D. Colo. 2003).

27. There is a substantial likelihood of success on the merits where there has been a substantial change in circumstances. In re Twenver, Inc., 149 B.R. at 954.

28. Lakeview received relief from the automatic stay in January of 2021. At that time, Lakeview asserted the value of the Property was $260,000.00. The value of the Property today has increased significantly, which is evidenced by the Trustee entering into a contract to sell the Property in May of 2022 for $465,000.00. Thus, there has been a substantial change in the circumstances in this case.

29. In the event the stay is not imposed, the Property will be sold at foreclosure sale. As a general rule, foreclosure sales return less than the actual fair market value of the property. A sale for less than fair market value will cause irreparable harm to the bankruptcy estate because it will negatively and irreparably impact the Estate's ability to make a meaningful distribution to general unsecured creditors. By contrast, in the event the Property sells for its fair market value, the Trustee will be able to both pay the Debtor her $75,000.00 homestead exemption and also make a substantial distribution to unsecured creditors. Thus, reimposing the automatic stay avoids both irreparable harm to the Debtor and to her unsecured creditors.

30. Lakeview stands to suffer significantly less harm than the Estate if the stay is reimposed – if it were to suffer any harm at all. At any sale by the Trustee, Lakeview will be paid in full, including any interest incurred as it waits for the Trustee to find a new buyer, obtain court approval for the sale, and close on the sale. The interest Lakeview will receive on its secured claim compensates Lakeview for the additional wait. Thus, the harm to Lakeview of reimposing the stay is significantly less than the harm the Debtor and her creditors would suffer if the stay is not reimposed.

31. Reimposing the stay will not violate the public interest. The public interest in a bankruptcy case is served by reimposing the stay when there has been a significant change in

facts. This is particularly true when the change in facts would lead to a sizeable distribution to general unsecured creditors. Thus, the public interest would not be violated by the stay being reimposed here.

32. Thus, in this case the Trustee meets every element of the <u>Twenver</u> test for the automatic stay to be reimposed, and the Trustee requests entry of an order on the same.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in his favor and against Lakeview pursuant to 11 U.S.C. § 105(a) reimposing the automatic stay against the Property and Lakeview, awarding the Trustee's taxable costs, and that the Court grant such other and further relief as may be appropriate.

## RIGHT TO AMEND

33. The Trustee reserves the right to amend this Complaint, the claims, defenses, and damages, under Fed.R.Civ.P. 15, as additional or supplemental facts and information becomes known under Fed.R.Civ.P. 26(a)(1).

DATED this 21st day of June, 2022            Respectfully submitted,

By: *s/Jonathan M. Dickey*
Jonathan M. Dickey, #46981
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-3047
Email: jmd@kutnerlaw.com